## HOMER RICE & others vs. WILLIAM FILENE.

If goods have been sold and delivered upon a guaranty of the payment of the purchase money, the guarantor is not discharged by the return of a portion of them by the vendee, with complaint of dissatisfaction, and a subsequent acceptance thereof by him under a new agreement by which his objections were waived, and a discount from the original price for all the goods was made; and in such case the vendee is entitled only to the time of credit fixed by the original contract, if no extension thereof has been granted, and the vendor, in an action against the guarantor, may properly declare upon the original sale.

CONTRACT. The writ was dated February 13, 1861. The declaration set forth that on the 10th of October 1860 the plaintiffs bargained and sold to Isidore Filene certain goods, specified in an account annexed, for prices amounting to $335.31, but which goods they declined to deliver until payment or security therefor should be made or given; that on the 13th of October, while the goods were in their possession, they received from said Isidore the following letter: " Please to send me the goods I have ordered to-day, for I have lost considerable trade this week. . . . . . By sending the ordered goods to-day, you will oblige," &c.; that on the same day, and in consideration that the plaintiffs would deliver the goods, the defendant executed upon the back of said letter the following agreement: " If you will please to deliver the goods to Mr. I. Filene, I will see that the same will be paid; " that the plaintiffs thereupon, giving credit to said agreement of the defendant, delivered the goods, and that Isidore and the defendant, though requested, have never paid for the same, &c.

The answer contained general denials, and averred that if any goods were delivered to Isidore on the credit of any agreement by the defendant, the same were returned to the plaintiffs, and the agreement annulled.

At the trial in the superior court, before *Allen*, C. J., it appeared that the plaintiffs and Isidore made an agreement for the sale of the goods as alleged, and the time of credit and prices were agreed on. Isidore was a stranger to the plaintiffs, and gave references as to his credit, which on inquiry did not prove

satisfactory to the plaintiffs. Within a few days after the 13th of October, the guaranty of the defendant was given upon the plaintiffs' request. The goods were sent to Isidore in two lots, on the 18th of October; Isidore expressed dissatisfaction with them, and returned a part of them to the plaintiffs. While things were in this situation, the plaintiffs consulted the defendant in reference to the matter, and the latter went to Lawrence, where Isidore was doing business, to confer with him, and upon his return informed the plaintiffs that, if they would discount ten per cent. from the whole bill, Isidore would receive the goods. The defendant testified that it was made a condition at this time that he should be released from his guaranty, because Isidore refused to have the goods unless he could have them upon his sole credit; but this was denied. It was agreed, however, that ten per cent. should be discounted, and the goods, which had not been unpacked by the plaintiffs since they had received the same from Isidore, were returned to the latter at Lawrence on the 27th of October.

A correspondence between the plaintiffs and Isidore was also put into the case, as follows: On the 18th of October, Isidore wrote to the plaintiffs, expressing dissatisfaction with the goods, and saying, " As it is so, I don't want the goods at all, and will return your caps at the same time, for I can do better, and have prompter attention paid to me." The plaintiffs replied on the same day, saying that the goods were the same which were bought, and were put at the same prices which they had told him, and adding : " If however you are disposed to return the goods, we wish you would not unpack the last goods sent, as it damages the goods, &c. . . . . We are confident that if you take the bill, you will find that we have made you prices that will give you satisfaction." On the 19th, Isidore replied, again expressing his dissatisfaction, and saying : " I gets disgusted about the whole of your doings. That's not all. The goods I bought about eleven days ago, and not have them now, and the bill and I suppose note is made due the 10th. Now I should like to know who has got more right to complain, me or you. . . . . . Now if you think you can make all right so may send the goods right

away, or else none at all." On the 23d, Isidore wrote again to the plaintiffs, saying: "The three cases of goods I received only Friday afternoon last, which is about eleven days later from the time I bought, and not to my satisfaction. I even wouldn't have unpacked the goods, if you didn't write your letter that I'll find out the goods to my satisfaction, which is to the contrary, and therefore send you at least the last goods back. . . . . . My brother wrote me that you was up and wanted security of him. If you did think that I aint good enough, you had no business to haul me up stairs when I inquired for another man, name Mr. Wolf, Federal St., where I have told you that I want to [buy] on six months' time, and by giving you good references you said it's all right, and you will send the goods right away, which was not the case before the 18th afternoon, and the bill you made out the 10th. Now to the point. I'll tell you, if you don't want to sell me the goods, say so, and that will settle the whole matter." On the 27th the plaintiffs wrote to Isidore as follows: "We have seen your brother in this city respecting the bill of goods sold you, part of which you returned, and he stated for you that you would take the goods if we would make a discount of ten per cent. We think this is a pretty large discount to make, but to show you that we wish to deal honorably with all men we have concluded to make the discount, and give you the same length of time that you and our Mr. Evans agreed upon, that is, four months. We have therefore sent you the goods to-day per express. The goods have not been unpacked since you packed them."

Upon this evidence, the defendant contended that he was released from his guaranty by operation of law, and by express agreement; but the judge instructed the jury that the evidence of an agreement between the vendor and vendee, by which ten per cent. was discounted from the price of the goods, failed to show any such alteration of the original contract, or any substitution of such a new contract, as would exonerate the defendant under the guaranty declared on, unless they believed the defendant's testimony, that there was an express agreement to release him.

The defendant also requested the court to rule that, under the declaration, the plaintiffs could not recover upon the defendant's assent, if any, to such altered or substituted contract; but the judge declined to give this instruction.

The defendant also contended that the action was prematurely brought, and that there was no evidence upon which it was competent for the jury to find that the cause of action had accrued at the date of the writ; but the judge declined so to rule, and instructed the jury that the plaintiffs must satisfy them that the credit given had expired before the action was brought, and that it was a question of fact for them to find, upon the evidence, whether it had expired, being dependent upon the agreement of the parties as to the time when the credit, which was four months, began to run.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*F. W. Hurd,* for the defendant. The contract which the defendant guaranteed was varied, and he was discharged by the variation. A different price is conclusive evidence of a different contract. Burge on Suretyship, 214, 215. Chit. Con. (7th ed.) 529, *n. Whitcher* v. *Hall,* 5 B. & C. 269. *Goodman* v. *Griffiths,* 1 Hurlst. & Norm. 574. *Miller* v. *Stewart,* 9 Wheat. 680, 703. *Davis* v. *Eastman,* 1 Allen, 422. The evidence and correspondence show that the contract of October 10th was rescinded and abandoned by mutual consent. 2 Parsons on Con. 189, 190, and cases cited. *Goodrich* v. *Lafflin,* 1 Pick. 57. *Boston Hat Manufactory* v. *Messinger,* 2 Pick. 223, 235. *General Steam Navigation Co.* v. *Rolt,* 6 C. B. (N. S.) 549. *Kay* v. *Groves,* 6 Bing. 276. The defendant never guaranteed the contract of October 27th, or consented to continue liable under it. The declaration is not founded upon such consent, but upon the original contract. No legal obligation to pay for the goods accrued until their delivery, on October 18th. The time of credit extended four months after that time, and the action was prematurely brought.

*N. B. Bryant,* for the plaintiffs.

DEWEY, J. The claim of the plaintiffs arises upon a contract

for the sale of goods to Isidore Filene on the 10th of October 1861, the payment for which it is alleged that the defendant guaranteed. If no indebtedness has arisen on the part of Isidore Filene upon that contract, there is nothing for the guaranty to attach to, and for that reason the guarantor should be discharged.

On recurring to the facts, it will be seen that some delay arose in delivering the goods, and of this the vendee complained by his letter of the 13th of October. He did not, however, repudiate the contract, but asked the plaintiffs to fulfil the same by immediately forwarding the goods. In this state of facts as to the dealing between the parties, the defendant gave his guaranty. The goods were forwarded to Isidore Filene on the 18th of October, and, if he had then accepted them, we suppose no question could have arisen as to the liability of the defendant as guarantor. The vendee, however, was dissatisfied with a portion of the goods sent, but subsequently his objections were withdrawn, and, upon an allowance of ten per cent. discount upon the bill, all the goods were finally received and held by him under the purchase from the plaintiffs.

The present inquiry is, whether this subsequent acceptance of the goods upon a discount of ten per cent. by operation of law discharged the guarantor from all further liability. If this new arrangement had imposed upon the vendee obligations in addition to those existing under the contract of October 10th, or if the time of credit had been thereby extended beyond that of the contract as it existed when the defendant signed the guaranty, such might have been the effect. But such was not the case.

It was contended by the defendant that upon these facts he was discharged from his guaranty, unless he assented to this alteration with the understanding that he was to continue liable. The court properly refused thus to rule, holding that no such consequence would result from the acceptance of the goods upon the discount above stated, unless there was an express agreement, verbal or otherwise, assented to by the plaintiff, that the defendant should be discharged from his guaranty. Nor would

the letter of Isidore Filene, in reference to the goods being sold to him on his exclusive credit, necessarily defeat the guaranty.

The objection that, under the declaration in the present case, the subsequent agreement as to the receipt of the goods upon the deduction of ten per cent. was fatal to the right of the plain-tiffs to maintain the present action, is not sustained. The sale of goods, the payment of which was guaranteed by the defend-ant, is the sale of goods bargained for on the 10th of October. The liability was for the goods then ordered. The subsequent acts of these parties as to an abatement in price were based upon that sale, and the bill of parcels was rendered as of that date. The delay in forwarding the goods, and the fact that the time of credit was understood by the parties to be computed from the 10th of October, were distinctly alluded to by the vendee in his letter to the plaintiff, as well as the quality of some of the goods, as matters of complaint for which he claimed the right to repudiate the contract; but he waived the right so to do upon the allowance of ten per cent. discount from the prices stated in the bill.

The further objection is urged, that the court improperly re-fused to rule that the action was prematurely brought, and that there was no evidence from which it was competent for the jury to find that the cause of action had accrued at the date of the writ. But it seems almost necessarily to follow from the view we have taken of the previous question, that the judge properly refused so to rule. If the contract under which the goods were eventually sold was the contract of the 10th of October, then of course the term of credit had expired when this action was brought. If, however, the sale is to be deemed a sale on a credit commencing on the 18th of October, or some later day, then of course the action was prematurely brought. We think upon the evidence that it was competent for the jury to find that the time from which the credit of four months was to be computed was the 10th of October. *Exceptions overruled.*